14 F.3d 612
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Loreto M. DAZO, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7097.
 United States Court of Appeals, Federal Circuit.
 Oct. 29, 1993.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ORDER
 RICH, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Loreto M. Dazo's appeal for lack of jurisdiction. Dazo has not responded.
 
 
 2
 The Court of Veterans Appeals summarily affirmed the Board of Veterans Appeals' denial of service connection for malaria and pulmonary tuberculosis. Dazo challenges only factual determinations or the application of a law or regulation to his claim, or raises a legal question that does not contest the validity of a statute or regulation, or the interpretation of a constitutional or statutory provision or a regulation. Thus, no issue is raised which falls within the jurisdiction of this court under 38 U.S.C. Sec. 7292(c), (d)(1)-(2) (Supp. III 1991).
 
 
 3
 Most appeals to the Federal Circuit from sources other than the Court of Veterans Appeals involve reviewing decisions from trial courts or agency boards that function like trial courts. In such appeals, Congress has given this court broad power to review many types of issues, including questions of fact or the application of the law to the facts of the case.
 
 
 4
 In appeals from the Court of Veterans Appeals, unlike appeals from a trial court or administrative agency, we review cases that have already been subject to review by an appellate court. Because of this previous appellate review, Congress, in these cases, denied this court the usual broad scope of review and limited this court's review to certain rulemaking, statutory, and constitutional issues. In particular, section 7292(d) of Title 38 of the U.S. Code states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 5
 This court can review only challenges to the validity of a statute or regulation or the interpretation of a constitutional or statutory provision that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity of a statute or regulation or the interpretation of a constitutional or statutory provision relied on by the Court of Veterans Appeals, this court is required by Sec. 7292(d) to dismiss the appeal. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (2) The Secretary's motion to dismiss is granted.
 
 
 9
 (3) Each side shall bear its own costs.